1

2

3

4

5

6

7

8                      **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JAMES ALLEN WHITTLE,                    CASE NO. CV F 10-0429 LJO GSA

12                    Plaintiff,              **ORDER ON WELLS FARGO'S F.R.Civ.P. 12**
                                             **MOTION TO DISMISS**
13          vs.                              (Doc. 10.)

14   WELLS FARGO BANK, N.A., et al,

15                    Defendants.
     _____/
16

17                              **INTRODUCTION**

18          Defendant Wells Fargo, N.A. ("Wells Fargo") seeks to dismiss as meritless and barred by res

19   judicata pro se plaintiff James Allen Whittle's claims arising from his defaulted home loan.  This Court

20   considered Wells Fargo's F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the May

21   10, 2010 hearing, pursuant to this Court's sua sponte dismissal of this action.

22                              **BACKGROUND**

23                          **Mr. Whittle's Home Loan**

24          Mr. Whittle executed an August 24, 2007 promissory note ("note") for Wells Fargo's $145,000

25   home loan.  The note was secured by a deed of trust ("DOT") recorded against Mr. Whittle's Fresno

26   residence ("property").[1]  Mr. Whittle is in default on the note.

27   _____

28          [1]        The DOT was recorded with the Fresno County Recorder.

                                       1

### Mr. Whittle's Dismissed Prior Action

On January 3, 2010, Mr. Whittle filed in state court a document entitled "Plaintiff's Petition for Injunctive and Other Relief and for Court to Compel Defendant to Produce and Comply with Plaintiff's Demands" ("prior complaint").  Wells Fargo removed the action to this Court as *James Allen Whittle v. Wells Fargo Bank, N.A.*, Case No. CV F 10-0229 LJO SMS ("prior action").  This Court construed the prior complaint to attempt to allege claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, et seq.  The prior complaint alleged that "there is no contractual obligation between Plaintiff and Defendant."  The prior complaint demanded "injunctive relief and/or other relief which will effectively stop (Status Quo) any and all of Defendant's collection activities, including foreclosure sale" of the property.

This Court's February 24, 2010 order ("February 24 order") dismissed the prior action on grounds that the prior complaint failed to satisfy F.R.Civ.P. 8 pleading standards and to allege cognizable FDCPA and RESPA claims.  The prior complaint's significant deficiencies barred an attempt to amend it.  The February 24, 2010 order noted this Court's concern that "Mr. Whittle has brought this action in absence of good faith and that Mr. Whittle exploits the court system solely for delay or to vex Wells Fargo" and that an "attempt to vex or delay provides further grounds to dismiss this action against Wells Fargo."  Judgment was entered on February 24, 2010.

### Mr. Whittle's Claims In This Action

On March 4, 2010, prior to removal to this Court, Mr. Whittle filed in state court his "Verified Complaint for Declaratory and Injunctive Relief to Void Power of Sale" ("current complaint") to take issue with the DOT's power of sale clause.  The current complaint alleges claims of:

1. "Deprivation of Plaintiff's Due Process" that "Defendants willfully and intentionally concealed" "a small and somewhat hidden and/or disguised provision, known as a Power of Sale Clause . . . to literally confiscate Plaintiff's property without due process";

2. "Deprivation of Plaintiff's Rights under Cognovit Note" that a power of sale clause "is akin in performance to a cognovit note and/or confession of judgment" which "robs the (unknowing maker of certain or otherwise assured rights and remedies)";

1    3.    "Deprivation of Plaintiff's Rights due to Unconscionability and Adhesion Contracts" that

2          "Plaintiff has established enough doubt as to the validity of an enforceable contract that

3          this court is required to determine the enforceability of the contract";

4    4.    "Declaratory Relief" that "Plaintiff clearly has a direct, substantial and present interest

5          in the controversy"; and

6    5.    "Injunctive Relief" as to "Dispossessing Plaintiff of Property."

7                                    **DISCUSSION**

8                  **F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards**

9          Wells Fargo describes this action as Mr. Whittle's "continued attempt to enjoin the foreclosure

10    sale and to thwart Wells Fargo's rightful interests."

11         "A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal

12    may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service,*

13    *Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua

14    sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S.

15    319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*,

16    745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte

17    prior to service of process on defendants).

18         A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set

19    forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception

20    of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not

21    whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

22    support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco*

23    *Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where

24    there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a

25    cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling*

26    *v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

27         In resolving a F.R.Civ.P. 12(b)(6) motion, a court must:  (1) construe the complaint in the light

28    most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine

1    whether plaintiff can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty*

2    *Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is not required "to accept as

3    true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

4    *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  A court

5    "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel.*

6    *Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and a court must  not "assume that the

7    [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways

8    that have not been alleged."  *Associated General Contractors of California, Inc. v. California State*

9    *Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983).  A court need not permit an attempt

10   to amend if "it is clear that the complaint could not be saved by an amendment."  *Livid Holdings Ltd.*

11   *v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

12        "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

13   allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more

14   than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

15   *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

16   Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to

17   plaintiff, fails to plead sufficiently all required elements of a cause of action."  *Student Loan Marketing*

18   *Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, "a complaint . . . must contain either

19   direct or inferential allegations respecting all the material elements necessary to sustain recovery under

20   some viable legal theory."  *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v.*

21   *Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

22        In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court recently

23   explained:

24            To survive a motion to dismiss, a complaint must contain sufficient factual
         matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A
25       claim has facial plausibility when the plaintiff pleads factual content that allows the court
         to draw the reasonable inference that the defendant is liable for the misconduct alleged.
26       . . . The plausibility standard is not akin to a "probability requirement," but it asks for
         more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

27

28       After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint

                                                    4

to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, __ U.S. __, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address a motion to dismiss:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, __ U.S. __, 129 S.Ct. at 1949-1950.

With these standards in mind, this Court turns to Wells Fargo's challenges to the current complaint.

### Res Judicata

Wells Fargo argues that res judicata bars this action given dismissal of the prior action.

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411 (1980). "Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised *or could have been raised*' in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (emphasis in original)).

Res judicata serves "the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645 (1979). Res judicata "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources,

1   and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Allen*, 449 U.S. at 94,

2   101 S.Ct. 411.

3          The U.S. Supreme Court has further explained the "general rule of res judicata":

4       The general rule of res judicata applies to repetitious suits involving the same cause of
        action. It rests upon considerations of economy of judicial time and public policy
5       favoring the establishment of certainty in legal relations. The rule provides that when a
        court of competent jurisdiction has entered a final judgment on the merits of a cause of
6       action, the parties to the suit and their privies are thereafter bound 'not only as to every
        matter which was offered and received to sustain or defeat the claim or demand, but as
7       to any other admissible matter which might have been offered for that purpose.' . . . The
        judgment puts an end to the cause of action, which cannot again be brought into litigation
8       between the parties upon any ground whatever, absent fraud or some other factor
        invalidating the judgment.

9

10  *C.I.R. v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715 (1948) (citation omitted).

11         An action is barred by res judicata when it arises out of the "same transactional nucleus of fact"

12  as a prior action. *See International Union of Operating Engineers-Employers Const. Industry Pension,*

13  *Welfare, etc. v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993); *Sidney v. Zah*, 718 F.2d 1453, 1459 (9th

14  Cir.1983) (citing with approval transactional approach of Restatement (Second) of Judgments § 24 and

15  noting that whether the claim "arise[s] out of the same transactional nucleus of facts [is] the criteria most

16  stressed in our decisions"). As such, "a difference in the legal theories asserted in two suits that arise

17  from the same transaction (or set of transactions) does not undermine the identity of causes between

18  them." *Boateng v. Interamerican Univ., Inc.*, 210 F.3d 56, 62 (1st Cir. 2000) (plaintiff "did not have a

19  right to bring separate and successive suits on different legal theories arising out of a single nucleus of

20  operative facts").

21         Wells Fargo notes that the prior and current complaints "attack" the DOT's "validity" and seek

22  to enjoin property foreclosure. Wells Fargo argues that the current complaint's "new legal theories" do

23  not allow Mr. Whittle to "'sidestep' the bar of res judicata, for plaintiff's new claims for relief arise from

24  the same 'transactional nucleus of operative facts.'" Wells Fargo points to the "virtual match" of the

25  prior and current complaint's injunctive relief claims.

26         Wells Fargo is correct. The prior action's judgment bars this action to warrant its dismissal. Mr.

27  Whittle's claims in the prior and current complaints arise from his loan default and attempted foreclosure

28  – the same transactional nucleus of fact. Despite its theory or label, any purported claim in the current

1   complaint could have been raised in the prior action.  Permitting this action to proceed would defeat res

2   judicata purposes and would burden Wells Fargo and this Court to relitigate decided issues.  Mr. Whittle

3   is unable to bring separate and successive actions on purported different theories arising out of the same

4   nucleus of operative facts to warrant dismissal of this action.

5                                   **Failure To Satisfy F.R.Civ.P. 8**

6              Putting aside res judicata, the current complaint fails on other grounds.  The current complaint

7   references five "causes of action," but each cause of action fails to allege facts sufficient to state a claim.

8   F.R.Civ.P. 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim,

9   identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie

10  case.  *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

11             F.R.Civ.P. 8(d)(1) requires each allegation to be "simple, concise, and direct."  This requirement

12  "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)."

13  *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).  "Something labeled a complaint but written

14  more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to

15  whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."

16  *McHenry*, 84 F.3d at 1180.  "Prolix, confusing complaints . . . impose unfair burdens on litigants and

17  judges."  *McHenry*, 84 F.3d at 1179.

18             Moreover, a pleading may not simply allege a wrong has been committed and demand relief.

19  The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the

20  "grounds upon which it rests."  *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475,

21  1481 (9th Cir. 1997).  Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a

22  complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v.*

23  *Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  A plaintiff must allege with at least some

24  degree of particularity overt facts which defendant engaged in to support plaintiff's claim.  *Jones*, 733

25  F.2d at 649.  A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual

26  enhancement.'"  *Iqbal*, __ U.S. __, 129 S.Ct. at 1949 (quoting  *Twombly*, 550 U.S. at 557, 127 S.Ct.

27  1955).  The U.S. Supreme Court has explained:

28             While, for most types of cases, the Federal Rules eliminated the cumbersome

                                                    7

1    requirement that a claimant "set out in detail the facts upon which he bases his claim,"
     *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added),
2    Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to
     relief. Without some factual allegation in the complaint, it is hard to see how a claimant
3    could satisfy the requirement of providing not only "fair notice" of the nature of the
     claim, but also "grounds" on which the claim rests.
4

5    *Twombly*, 550 U.S. at 556, n. 3, 127 S.Ct. 1955.

6        The current complaint fails to satisfy F.R.Civ.P. 8. The current complaint makes mere references

7    to due process "deprivation," "unconscionable means," "unfettered power of sale," "unconscionability,"

8    "violation of Federal and California State law," "misrepresentation," and "unjust enrichment." The

9    current complaint lacks facts to support claims or valid, cognizable legal theories as to Wells Fargo. The

10   current complaint lacks specific, clearly defined allegations as to Wells Fargo. The current complaint

11   fails to give Wells Fargo fair notice of claims plainly and succinctly to warrant dismissal of this action.

12                                   **Failure To Tender Indebtedness**

13       Wells Fargo characterizes the current complaint's five claims as "defective because plaintiff fails

14   to tender the amount of indebtedness in his complaint."

15       "A tender is an offer of performance made with the intent to extinguish the obligation." *Arnolds*

16   *Management Corp. v. Eischen*, 158 Cal.App.3d 575, 580, 205 Cal.Rptr. 15 (1984) (citing Cal. Civ.

17   Code, § 1485; *Still v. Plaza Marina Commercial Corp.,* 21 Cal.App.3d 378, 385, 98 Cal.Rptr. 414

18   (1971)). "A tender must be one of full performance . . . and must be unconditional to be valid." *Arnolds*

19   *Management*, 158 Cal.App.3d at 580, 205 Cal.Rptr. 15. "Nothing short of the full amount due the

20   creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount."

21   *Rauer's Law etc. Co. v. S. Proctor Co.,* 40 Cal.App. 524, 525, 181 P. 71 (1919).

22       A defaulted borrower is "required to allege tender of the amount of [the lender's] secured

23   indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Abdallah*

24   *v. United Savings Bank*, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996), *cert. denied*, 519 U.S.

25   1081, 117 S.Ct. 746 (1997). "A party may not without payment of the debt, enjoin a sale by a trustee

26   under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale,

27   even though the statute of limitations has run against the indebtedness." *Sipe v. McKenna*, 88

28   Cal.App.2d 1001, 1006, 200 P.2d 61 (1948).

                                            8

1   In *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021, 255 Cal.Rptr. 157

2   (1989), the California Court of Appeal explained:

3   . . . generally "an action to set aside a trustee's sale for irregularities in sale notice or
    procedure should be accompanied by an offer to pay the full amount of the debt for
4   which the property was security." . . . . This rule . . . is based upon the equitable maxim
    that a court of equity will not order a useless act performed. . . . "A valid and viable
5   tender of payment of the indebtedness owing is essential to an action to cancel a voidable
    sale under a deed of trust." . . .  The rationale behind the rule is that if plaintiffs could not
6   have redeemed the property had the sale procedures been proper, any irregularities in the
    sale did not result in damages to the plaintiffs.  (Citations omitted.)
7

8   An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state

9   a cause of action which a court of equity recognizes.  *Karlsen v. American Sav. & Loan Assn.*, 15

10  Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971).  The basic rule is that an offer of performance is of no

11  effect if the person making it is not able to perform.  *Karlsen*, 15 Cal.App.3d at 118, 92 Cal.Rptr. 851

12  (citing Cal. Civ. Code, § 1495.)  Simply put, if the offeror "is without the money necessary to make the

13  offer good and knows it" the tender is without legal force or effect.  *Karlsen*, 15 Cal.App.3d at 118, 92

14  Cal.Rptr. 851 (citing several cases).  "It would be futile to set aside a foreclosure sale on the technical

15  ground that notice was improper, if the party making the challenge did not first make full tender and

16  thereby establish his ability to purchase the property."  *United States Cold Storage v. Great Western*

17  *Savings & Loan Assn.,* 165 Cal.App.3d 1214, 1224, 212 Cal.Rptr. 232 (1985).  "A cause of action

18  'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid

19  tender."  *Arnolds Management*, 158 Cal.App.3d at 579, 205 Cal.Rptr. 15.

20  "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without

21  paying the debt secured."  *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (1934); *see Mix v.*

22  *Sodd*, 126 Cal.App.3d 386, 390, 178 Cal.Rptr. 736 (1981) ("a mortgagor in possession may not maintain

23  an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci*, 39 Cal.App.3d 475,

24  477, 114 Cal.Rptr. 91 (1974) (trustor is unable to quiet title "without discharging his debt").

25  Moreover, to obtain "rescission or cancellation, the rule is that the complainant is required to do

26  equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the

27  plaintiff has received in the transaction. . . . The rule applies although the plaintiff was induced to enter

28  into the contract by the fraudulent representations of the defendant."  *Fleming v. Kagan*, 189 Cal.App.2d

9

791, 796, 11 Cal.Rptr. 737 (1961).  "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen,* 15 Cal.App.3d at 117, 92 Cal.Rptr. 851.  Analyzing "trust deed nonjudicial foreclosure sales issues in the context of common law contract principles" is "unhelpful" given "the comprehensive statutory scheme regulating nonjudicial foreclosure sales." *Residential Capital v. Cal-Western Reconveyance Corp.*, 108 Cal.App.4th 807, 820, 821, 134 Cal.Rptr.2d 162 (2003).

"The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439, 129 Cal.Rptr.2d 436 (2003).  "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Gaffney v. Downey Savings & Loan Assn.,* 200 Cal.App.3d 1154, 1165, 246 Cal.Rptr. 421 (1988).  The debtor bears "responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." *Gaffney*, 200 Cal.App.3d at 1165, 246 Cal.Rptr. 421.

Neither the current complaint nor record references Mr. Whittle's tender of indebtedness.  The current complaint's silence on Mr. Whittle's tender of or ability to tender loan proceeds is construed as his concession of inability to do so.  Without Mr. Whittle's meaningful tender, Mr. Whittle seeks empty remedies, not capable of being granted.  The claims against Wells Fargo are subject to dismissal in the absence of a sufficiently alleged tender of loan proceeds.

### No State Actor

The current complaint's reference to 42 U.S.C. § 1983 ("section 1983") and civil rights violations does not save this action.

The "ultimate issue" to determine whether a person is subject to a section 1983 action is whether "the alleged infringement of federal rights [is] 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S.Ct. 2764 (1982) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2754, 73 L.Ed.2d 482 (1982)).  The United States Supreme Court has adopted a two-part test to address whether infringement is attributable to the state:

Our cases have accordingly insisted that the conduct allegedly causing the deprivation

of a federal right be fairly attributable to the State: These cases reflect a two-part approach to this question of "fair attribution." First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible. . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State. Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them.

*Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937, 102 S.Ct. 2744 (1982).

A private remedy such as non-judicial foreclosure does not involve state action to invoke a section 1983 claim. *Apao v. Bank of New York*, 324 F.3d 1091, 1095 (9th Cir. 2003); *Charmicor v. Deaner*, 572 F.2d 694, 696 (9th Cir. 1978) (source of the non-judicial foreclosure "right is not conclusive as to state action"). "California's nonjudicial foreclosure procedure does not constitute state action and is therefore immune from the procedural due process requirements of the federal Constitution." *Garfinkle v. Superior Court*, 21 Cal.3d 268, 281, 146 Cal.Rptr. 208 (1978).

Non-judicial foreclosure proceedings do not constitute state action to bar Mr. Whittle's section 1983 claims.

In addition, the current complaint fails to substantiate that Wells Fargo is a state actor. "When addressing whether a private party acted under color of law, we therefore start with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Medical Center,* 192 F.3d 826, 835 (9th Cir. 1999); *see Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir.1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."); *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir.1991) ("[P]rivate parties are not generally acting under color of state law.") "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985 (1999) (citation and internal quotation marks omitted).

As a private actor, Wells Fargo is subject to no section 1983 claim.

## **The FDCPA**

The current complaint's passing reference to the FDCPA fails to prevents this action's doom.

The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts

11

Case 1:10-cv-00429-LJO-GSA   Document 13   Filed 04/09/10   Page 12 of 14

for others. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), *mod. on other grounds*, 761 F.2d 237 (5th Cir. 1985). The FDCPA defines a debt collector as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A "debt collector" does not include a person who collects or attempts to collect a debt "to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. 1962a(6)(F). "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry*, 756 F.2d at 1208.

Wells Fargo is correct that a debtor collector does not include lenders such as itself. *See Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996); *Kloth v. Citibank (South Dakota), N.A.*, 33 F.Supp.2d 115, 1998 (D. Conn. 1998) ("Generally, the FDCPA does not apply to creditors."). This action fails despite the current complaint's reference to the FDCPA.

### Declaratory Relief

Wells Fargo argues that the current complaint's request for declaratory relief dies with other purported claims and "adds nothing of substance to the pleading."

The Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201, 2202, provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. §2201(a).

The DJA's operation "is procedural only." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 463 (1937). "A declaratory judgment is not a theory of recovery." *Commercial Union Ins. Co. v. Walbrook Ins. Co., Ltd.*, 41 F.3d 764, 775 (1st Cir. 1994). The DJA "merely offers an *additional remedy* to litigants." *Nat'l Union Fire Ins. Co. v. Karp*, 108 F.3d 17, 21 (2nd Cir. 1997) (italics in original). A DJA action requires a district court to "inquire whether there is a case of actual controversy within its jurisdiction." *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994).

As to a controversy to invoke declaratory relief, the question is whether there is a "substantial

controversy, between parties having adverse legal rights, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512 (1941). The United States Supreme Court has further explained:

> A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. . . . The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Haworth*, 300 U.S. at 240-241, 57 S.Ct. at 464 (citations omitted).

The failure of the current complaint as a whole demonstrates the absence of an actual controversy subject to declaratory relief. A declaratory relief action "brings to the present a litigable controversy, which otherwise might only be tried in the future." *Societe de Conditionnement v. Hunter Eng. Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1981). In the absence of a viable claim, the current complaint fails to support declaratory relief.

### Injunctive Relief

Wells Fargo argues that an injunctive relief remedy is unavailable without a viable claim.

"Equity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly and expensively futile act, nor will it purposely speculate in a field where there has been no proof as to what beneficial purpose may be subserved through its intervention." *Karlsen*, 15 Cal.App.3d at 117, 92 Cal.Rptr. 851. In the absence of plaintiffs' meaningful tender of indebtedness, no beneficial purpose appears for plaintiffs' requested injunctive relief.

"Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." *Shell Oil Co. v. Richter*, 52 Cal.App.2d 164, 168, 125 P.2d 930 (1942). Neither a viable claim nor "an independent duty" supports injunctive relief to doom the current complaint's injunctive relief claim.

### Attempt At Amendment And Malice

Mr. Whittle has brought against Wells Fargo meritless claims barred by res judicata. Mr. Whittle is unable to cure his claims by allegation of other facts and thus is not granted an attempt to amend.

Moreover, this Court is convinced that Mr. Whittle has brought this action in absence of good

faith and that Mr. Whittle exploits the court system solely for delay or to vex Wells Fargo. The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984). An attempt to vex or delay provides further grounds to dismiss this action against Wells Fargo, especially since this is the second meritless action Mr. Whittle has pursued against Wells Fargo.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1.   DISMISSES with prejudice this action against Wells Fargo; and

2.   DIRECTS the clerk to enter judgment in favor of defendant Wells Fargo Bank, N.A. and against plaintiff James Allen Whittle.

In addition, this Court will not tolerate Mr. Whittle's further frivolous filings or abuse of the judicial process. This Court ADMONISHES Mr. Whittle that it will impose monetary and/or other sanctions on Mr. Whittle if he continues to vex Wells Fargo and this Court and/or engages in abuse of the judicial process.

IT IS SO ORDERED.

Dated:     April 9, 2010                              /s/ Lawrence J. O'Neill
                                                   UNITED STATES DISTRICT JUDGE